UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

GOLDEN BRIDGE LLC d/b/a GOLDEN BRIDGE FUNDING LLC,

                        Plaintiff,

                -against-

DGS18 REALTY LLC, ISRAEL DANA, and "JOHN DOE NO. 1 TO 10," inclusive, the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

                        Defendants.
_____

**MEMORANDUM & ORDER**
**22-CV-05857 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Now before the court is a commercial foreclosure action filed by Plaintiff Golden Bridge LLC d/b/a Golden Bridge Funding LLC ("Golden Bridge" or "Plaintiff") against Borrower DGS18 Realty LLC ("Borrower") and Israel Dana ("Guarantor") (collectively, "Defendants").

For the reasons reviewed herein, Plaintiff's motion for summary judgment is DENIED without prejudice. The court DIRECTS Plaintiff to notify the court within 30 days whether it wishes to renew its motion and, if so, to submit a proposed briefing schedule concerning the new motion at that time.[1]

---

[1] Plaintiff requests that John Doe No. 1 to 10 be removed from the caption and that the action be discontinued against them. (*See* Mot. at 1.) The court RESERVES JUDGMENT on this request pending any renewed motion

1

I. **BACKGROUND**

On April 24, 2019, Plaintiff loaned Borrower the principal sum of $1,142,000.00. (Pl. 56.1 St. (Dkt. 21-1) ¶ 2.) As security for payment of Borrower's obligations under the Note, Borrower executed and delivered to Plaintiff a Mortgage dated April 24, 2019, securing the principal amount of $1,142,000.00 and encumbering the premises and improvements thereon, and personal property located on or relating to such real property, and all appurtenances. (*Id.* ¶ 3; *see also* Note (Dkt. 21-4); Mortgage (Dkt. 21-5).) The Mortgage was recorded on May 31, 2019. (Pl. 56.1 St. ¶ 3.) Israel Dana guaranteed to Plaintiff the full and prompt payment of all of Borrower's Indebtedness. (*Id.* ¶ 4; *see also* Guaranty (Dkt. 21-6).)

The Note, Mortgage, Guaranty and related loan documents (referred to, collectively, as the "Loan Documents") had a maturity date of May 2, 2020. (Pl. 56.1 St. ¶ 6; *see also* Note at 1.) Prior to maturity, Borrower was required to make monthly payments at an interest rate of 9%, which was equal to $8,565.00 per month. (Note at 1.) Upon the occurrence of any default, however, the interest rate would increase to the "Default Rate" of 24%. (Mortgage at 5, 14.) Plaintiff provided notice of default to the Guarantor by letter on May 11, 2022 stating that the "DGS18 Loan" was in default and that the amount then due on this loan was $1,167,695.00. (Pl. 56.1 St. ¶ 8; *see also* Demand Letter (Dkt. 21-8) at 3.)

Plaintiff then commenced this action on September 30, 2022. (Compl. (Dkt. 1).) In the Complaint, Plaintiff alleges that the

---

for summary judgment. Separately, Defendants sought in their Opposition briefing to "cross-move to dismiss the foreclosure complaint," (*see* Opp. (Dkt. 18)), but have not sought the court's leave to do so as required under this court's individual rules. *See* Individual Rules of Judge Nicholas G. Garaufis, Section IV(A)(2). The court declines to rule on this motion as it was not improperly brought before the court.

Borrower defaulted on May 2, 2020, when it failed to make required principal and interest payments due on the loan's maturity date, as stated in the Loan Documents. (Compl. at ¶ 19.) The Complaint also alleges that the Guarantor, Dana Israel, then failed to make payments pursuant to a demand, as required by the Guaranty. (*Id.* ¶ 22.) The Complaint seeks a judgment against Defendants on its claims that includes an order of foreclosure, a directive that the parcel be sold and resulting proceeds be due to Plaintiff, a deficiency judgment against the Borrower and Guarantor, and a grant of attorneys' fees. (*Id.* at 8-9.)

Borrower and Guarantor answered on November 7, 2022, (Borrower Answer (Dkt. 8)), and November 11, 2022, (Guarantor Answer (Dkt. 11)), respectively. In their answers, both Borrower and Guarantor assert that they agreed to a modification of the loan with Plaintiff to extend its terms beyond the default date. (*See* Borrower Answer ¶ 30; Guarantor Answer ¶ 29.) After being granted leave to do so by this court, Plaintiff filed a motion for summary judgment on April 6, 2023. (*See* Not. of Mot. (Dkt. 21); Mot. (Dkt. 21-15); Reply (Dkt. 22).) Defendants filed their Opposition brief on March 24, 2023. (*See* Opp. (Dkt. 18-1).)[2]

## II. LEGAL STANDARD

Summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is material for these purposes if it

---

[2] In accordance with this court's Individual Rules, parties shall not file motion papers until the motion is fully briefed. *See* Individual Rules of Judge Nicholas G. Garaufis, Section IV.B. The court notes that Defendants prematurely filed their Opposition brief before the motion was fully briefed.

3

might affect the outcome of the suit under the governing law." *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000).[3] A "genuine" issue of fact is one where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* A genuine issue of fact cannot be established by "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).

"[T]he party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial." *Am. Empire Surplus Lines Ins. Co. v. Certain Underwriters at Lloyd's London*, No. 16-CV-5664 (AMD) (JO), 2018 WL 10456838, at *4 (E.D.N.Y. July 23, 2018). All evidence is construed in the light most favorable to the non-moving party, with all "reasonable inferences" drawn in his favor. *ING Bank N.V. v. M/V Temara, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018).

## III. DISCUSSION

"To establish a prima facie case of foreclosure in New York, a plaintiff must show (1) a mortgage; (2) an unpaid note; and (3) proof of default." *1077 Madison St., LLC v. Smith*, 670 F. App'x 745, 746 (2d Cir. 2016) (summary order). "[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case . . . it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *Windward Bora LLC v. Qazi*, No. 18-CV-6912 (DRH) (ARL), 2019 WL 2374847, at *2 (E.D.N.Y. May 16, 2019). "The lender is entitled to summary judgment if it establishes by documentary evidence the facts underlying its cause of action and the absence of a triable fact." *U.S. Bank, N.A. v. Squadron VCD*,

---

[3] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

4

*LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (summary order); *see also R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997).

Here, Plaintiff has demonstrated its ownership of a mortgage encumbering the Property and the authenticity of the Guarantee. (*See* Loan Documents.) Defendants do not dispute the validity of the Loan Documents. (*See* Def. Resp. to Pl. 56.1 St. (Dkt. 18).)

Crucially, however, Plaintiff has not provided documentary evidence that demonstrates that the Borrower is in default. *U.S. Bank, N.A.*, 504 F. App'x at 32. To support its allegation that the Borrower was in default, Plaintiff cites to a Declaration by Erez Britt, Chief Executive Officer of Golden Bridge, and a document labeled "Borrower Statement of Account." (Pl. 56.1 St. ¶ 2; *see also* Britt Decl. (Dkt. 21-2) ¶ 8; Borrower Statement (Dkt. 21-7).) Britt states that "Borrower defaulted on its obligations" under the Loan Documents on May 2, 2020 and directs the court to the Borrower Statement of Account to support this assertion. (Britt Decl. ¶ 8.)

This Borrower Statement, however, does not provide "documentary evidence" that the Borrower was in default. This statement is one page, showing a summary in the top right corner and, in the bottom half of the page, a table with dates between April 24, 2019 and January 2, 2022. (*See* Borrower Statement.) In the summary, the statement indicates that as of February 8, 2023, the Borrower had $0.00 of any unpaid interest, $0.00 of late charges and $0.00 of any other charges that were due. (*Id.*). It also indicates that the "Regular Payment" is $8,565.00 and that the "Note Rate" was 9.000%. (*Id.*) The table indicates that the Borrower made payments of $8,565.00 monthly between May 2019 and January 2022 (the last date shown in the table) and that the Borrower was not required to and did not make payments for "Late" charges or "Other"

5

charges. (*Id.*) The table also notes next to each interest payment a description of "Payment – Thank You." (*Id.*) Reviewing this table, the court is unable to see how it supports that the Borrower was in default. While January 2022 is past the maturity date of May 2, 2020, there is nothing indicating that Borrower was in default beginning on that date, as Plaintiff asserts, as opposed to making timely payments under a modified loan agreement, as Defendants assert. For instance, in no month did it appear that Plaintiff charged the higher Default Rate of 24%. (*See* Mortgage at 5, 14.) Nor is there any indication that Plaintiff paid any late charges. (*Id.* at 14.) Thus, there is no indication from this exhibit that the Borrower paid anything less than the amount required each month.

The Plaintiff also does not provide evidence that it sent a notice of default to the Borrower. (*See generally* Pl. 56.1 St.). The Plaintiff does provide the court a notice of default sent to the Guarantor, (*see* Demand Letter), but this is also insufficient to show that the borrower was in default beginning in March 2020, as Plaintiff argues. This notice, sent on May 11, 2022, states that the full amount is immediately due and payable and that interest is accruing at the default rate of 24% on these loans. (*Id.* at 3). The amount due on the relevant loan is stated as $1,167,695.00, (*id.* at 3), which is equal to the principal amount of $1,142,000.00 plus three monthly interest payments of $8,565.00. (*See* Note at 1). Because this Demand letter was sent to the Guarantor and not the Borrower, states an amount that is equal to principal and only three months' interest at the 9% rate (not the default rate), and does not provide additional evidence of non-compliance with the required payment schedule, this Demand Letter also does not provide sufficient documentary evidence that the Borrower was in default.

6

In sum, the evidence provided by Plaintiff, without more, does not support a finding that the Borrower was in default beginning in May 2020, as alleged.

Defendants argue that they were not in default because there was a modification to the agreement. (Def. Resp. to Pl. 56.1 St.) This could clarify the amounts shown in the Borrower Statement, but, inexplicably, rather than providing support for this assertion or properly responding to Plaintiff's 56.1 statement as required under the Local Rules on summary judgment, *see* Eastern District of New York Local Rule 56.1(b), Defendant simply states that they will provide evidence of email communications demonstrating this modification "at a later date." (*Id.*) The court is thus unable to determine whether such a modification or default took place at this time.

Therefore, the court DENIES Plaintiff's motion for summary judgment without prejudice, and grants Plaintiff leave to make a renewed motion for summary judgment. The court DIRECTS Plaintiff to notify the court within 30 days whether it wishes to renew its motion and, if so, to submit a proposed briefing schedule when providing such notice. As part of any briefing on a potential renewed motion, Plaintiff should include documentary evidence of a default, if available. Defendants, in response, should include any evidence of a modification of the maturity date of the loan and follow the local rules concerning responding to Plaintiff's 56.1 statement.

## IV. CONCLUSION

For the reasons reviewed herein, Plaintiff's motion for summary judgment is DENIED without prejudice. The court DIRECTS Plaintiff to notify the court within 30 days whether it wishes to renew its motion and, if so, to submit a proposed briefing schedule concerning the new motion at that time.

SO ORDERED.

Dated:   Brooklyn, New York
         January 2, 2024

                                    s/Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge